UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN TYLER, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-02731-JMS-DML |
| DONALD EMERSON Warden, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petitioner filed the instant habeas petition challenging a prison disciplinary proceeding in which he was found guilty. For the reasons stated below, this petition is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Court.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The petitioner was found guilty of violating Code 216 for engaging in sexual conduct. During his administrative appeals, his sanctions were vacated and the matter was set for rehearing. The same disciplinary hearing officer presiding over the rehearing, and the petitioner was again found guilty. He was subject to more severe sanctions at the second hearing.

The petitioner challenges the rehearing via the instant habeas petition. He brings two claims. First, he argues that it violated Indiana Department of Correction ("IDOC") policy for the same hearing officer to preside over his rehearing. Second, he contends that it violated IDOC

policy for him to be subject to more severe sanctions upon rehearing (he was given the maximum sanctions permitted).

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

These due process protections are the only bases on which this Court can grant § 2254 relief in an action challenging a prison disciplinary proceeding. The petitioner's challenges, however, are based solely on violation of IDOC policy. Such challenges, even if true, cannot result in the grant of relief under § 2254.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential

constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

For these reasons, the petitioner's habeas petition is **denied** pursuant to Rule 4. The petitioner's motion for leave to proceed *in forma pauperis*, dkt. [3], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/11/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JUSTIN TYLER
267611
HERITAGE TRAILS CORRECTIONAL FACILITY
501 West Main St.
Plainfield, IN 46168